COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-119-CV

 

 

IN THE INTEREST OF M.E.H.,

A
CHILD

                                                                                                        

 

                                              ------------

 

           FROM
THE 233RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On September 7, 2001,
Appellant Stan Hunt, a pro se inmate, filed a verified petition to
contest the paternity of M.E.H., a child who was then seventeen years old.  In his verified petition, Appellant alleges
that M.E.H. was born more than 1,000 days after he and the mother divorced but
that the mother fraudulently put his name on the birth certificate.  The only other evidence Appellant submitted
that is directly pertinent is a birth certificate naming AStanley Wendell Hunt@ as the biological father.

In a memorandum opinion, the
trial court found that Appellant has never been adjudicated the father of
M.E.H. and that it appears that there has never been a Suit Affecting the
Parent-Child Relationship (SAPCR) relating to M.E.H.  The trial court also found that M.E.H. was
almost twenty-one years old at the time of the opinion=s issuance and stated that Appellant has been engaged in Aspecious and frivolous litigation@ since the date he filed his petition. 
Based on these findings, the trial court dismissed the case for want of
jurisdiction.  Appellant timely appealed.








Appellant argues that the
birth certificate gives him both the status of a presumed father under Texas
law and standing to disestablish a paternity relationship.  He is wrong on both counts.  Being named on a birth certificate, without
more, does not clothe a man with a presumption of paternity.[2]  Further, Appellant did not have standing to
file a suit affecting the parent-child relationship at the time he filed his
petition because he did not fall into any of the thirteen categories enumerated
in the statute providing such standing.[3]  Finally, because Appellant is not a man whose
paternity is to be adjudicated, but, from his own admissions in the verified
petition, a man who seeks the adjudication of nonpaternity, Appellant also is
excluded from the list of persons capable of maintaining a suit to adjudicate
parentage.[4]  Consequently, we hold that Appellant did not
have standing to file and maintain this action. 
The trial court therefore properly dismissed the case for want of
jurisdiction.  We overrule Appellant=s first point.  Because our
resolution of this point is dispositive, we do not reach Appellant=s remaining points.[5]

 








Having held that the trial
court properly dismissed this case for want of jurisdiction, we affirm the
trial court=s judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT,
HOLMAN, and GARDNER, JJ.

DELIVERED: 
April 6, 2006











[1]See Tex.
R. App. P. 47.4.





[2]See Act of May 22, 2001, 77th Leg.,
R.S., ch. 821, ' 1.01, sec. 160.204, 2001 Tex. Gen.
Laws 1610, 1612-13 (providing in relevant part that a man is a presumed father
if (1) he is married to the mother and the child is born during the marriage or
before the 301st day after the marriage is terminated or (2) he married
the mother after the birth of the child and is voluntarily named on the
child=s birth certificate) (emphasis
added) (amended 2003) (current version at Tex.
Fam. Code Ann. ' 160.204 (Vernon Supp. 2005)).





[3]See id., ' 2.07, sec. 102.003(a), 2001 Tex.
Gen. Laws 1610, 1636-37 (providing laundry list of people and entities who can
file an original suit affecting the parent-child relationship) (amended 2003)
(current version at Tex. Fam. Code Ann.
' 102.003(a) (Vernon Supp. 2005)).





[4]See id., ' 1.01, sec. 160.602, 2001 Tex. Gen.
Laws 1610, 1621 (providing in relevant part that a proceeding to adjudicate
parentage may be maintained by a man whose paternity is to be adjudicated and
that a proceeding to adjudicate the parentage of the adult child may only be
maintained by the adult child) (amended 2003) (current version at Tex. Fam. Code Ann. ' 160.204 (Vernon Supp. 2005)); see
also In re Sullivan, 157 S.W.3d 911, 919 (Tex. App.CHouston [14th Dist.]
2005, orig. proceeding) (A[A]t a minimum, section 160.602(3)
confers standing on a man alleging himself to be the biological father of the
child in question and seeking an adjudication that he is the father of that
child.@).





[5]See Tex.
R. App. P. 47.1.